**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4952**

UNITED STATES OF AMERICA,

            Plaintiff – Appellee,

      v.

LEONARD PITTS,

            Defendant – Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Greenville.  Henry F. Floyd, District Judge.
(6:06-cr-00817-HFF-1)

Submitted:  February 24, 2009      Decided:  March 23, 2009

Before WILKINSON and MOTZ, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Lora E. Collins, Assistant Federal Public Defender, Greenville,
South Carolina, for Appellant.   David Calhoun Stephens,
Assistant United States Attorney, Greenville, South Carolina,
for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Leonard Pitts appeals the district court's judgment revoking his supervised release and imposing a sentence of five months in prison. On appeal, Pitts's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting, in her opinion, there are no meritorious grounds for appeal but raising the issue of whether the district court abused its discretion by revoking Pitts's supervised release and sentencing him to serve five months in prison. Pitts has filed a pro se supplemental brief asserting the same issue and contending the district court erred by failing to hold a prompt preliminary hearing under Fed. R. Crim. P. 32.1(b). Finding no abuse of discretion or reversible error, we affirm.

Pitts was convicted of bank fraud in violation of 18 U.S.C. § 1344 (2006), a Class B felony, and the district court sentenced him to one day in prison, five years of supervised release, and $14,380.99 in restitution. As a special condition of his supervised release, Pitts was ordered to pay his restitution at a rate of $250 per month. On June 10, 2008, the probation officer petitioned the district court for an arrest warrant for Pitts based on his non-compliance with court-ordered restitution despite information confirming he was able to pay. The district court ordered that a warrant for Pitts's arrest be issued and that bond be set at the discretion of the magistrate

2

judge.  On June 12, 2008, Pitts was arrested; the magistrate judge appointed counsel; and the clerk scheduled the preliminary hearing for June 16, 2008.  On June 16, 2008, the hearing was held; and on June 20, 2008, Pitts was released on bond.

At the final revocation hearing, Pitts admitted the violation alleged in the petition, and the district court found a violation based on the admission.  The court correctly noted that it was authorized to revoke Pitts's supervised release and impose a prison term of up to three years, followed by up to five years of supervised release less any revocation term.  See 18 U.S.C. § 3583(b)(1), (e)(3), (h) (2006).  The court further correctly determined that his Chapter 7 advisory guideline range was three to nine months.  See U.S. Sentencing Guidelines Manual § 7B1.4 (2007).  The probation officer recommended a sentence in the middle of the range based on Pitts's unwillingness to pay his restitution obligation.  Pitts, who had paid his restitution prior to the final hearing, requested that he be continued on supervision.  The district court revoked his supervised release and sentenced him to serve five months in prison.

On appeal, Pitts's attorney concedes that, given the facts of the case and the nature of Pitts's conduct while on supervised release, the district court did not abuse its discretion.  In his pro se supplemental brief, Pitts asserts that the district court did in fact commit error, and that its

3

error was in failing to hold a prompt preliminary hearing in compliance with Fed. R. Crim. P. 32.1(b).

We review a judgment revoking supervised release and imposing a term of imprisonment for abuse of discretion. United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992). To revoke supervised release, a district court need only find a violation by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3) (2006). We will affirm a sentence imposed after revocation of supervised release if it is within the prescribed statutory range and not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). While a district court must consider the Chapter Seven policy statements, and the statutory requirements and factors applicable to revocation sentences, the district court ultimately has broad discretion to revoke the previous sentence and impose a term of imprisonment up to the statutory maximum. Id. at 438-39.

We have reviewed the record and conclude that the district court did not abuse its discretion in revoking Pitts's supervised release, and his sentence to five months in prison is not plainly unreasonable. We also find Pitts's assertion of error under Fed. R. Crim. P. 32.1(b) without merit. Because Pitts did not raise this issue in the district court, he must show plain error affecting his substantial rights. See Fed. R. Crim. P. 52; United States v. Olano, 507 U.S. 725, 733 (1993).

4

Pitts was arrested pursuant to a warrant issued by the district court based on the probation officer's petition. Thus, even prior to his arrest, there was a judicial determination of probable cause. See Gerstein v. Pugh, 420 U.S. 103, 116 n.18 (1975). Moreover, promptly after his arrest, the magistrate judge appointed him counsel and held a preliminary hearing. Even if Pitts could somehow show error, he has not shown any prejudice, because he was released on bond prior to his revocation hearing and he admitted the violation.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED